The Planter's Ins. Co. *v.* R. P. Sorrells.

THE PLANTER'S INS. CO. *v.* R. P. SORRELS.

1. INSURANCE. *Dwelling. Good description of boarding-house in policy.* It do⸳s not avoid the policy of insurance that a house insured as a dwelling-house is, or was, after insurance, occupied as a boarding-house.

Cases cited: Parsons' Mer. Law, 503, Note 1.

2. SAME. *Same. Evidence. Burden of proof.* The assured cannot change the use of the house so as to enhance the risk. A mere change of occupants will not amount to this, and if there be an increase of risk by a change of circumstances disclosed in the application, the burden of proof is on the insurer, to show such increase.

Cases cited: Fland. on Ins., 232, 256, and Note 3.

3. SAME. *Principal and agent. Parol evidence admissible to show entry in policy falsely made by agent.* When an agent makes out the application for insurance, and inserts in it representations that are untrue, though the facts were correctly stated to him by the assured, who signs the application, this will not prejudice the assured's rights, or invalidate the policy, and parol testimony may be heard to show that the answers were thus written by the agent.

Cases cited: Fland. on Ins., 92 and 101; Union Mutual Ins. Co. *v.* Wilkinson, 13 Wallace, 222.

---

FROM DAVIDSON.

---

Appeal from the Chancery Court. EDWARD. H. EAST, Judge, by interchange.

MCCLANAHAN & CLARE for the Planters' Insurance Company.

J. D. WADE and A. J. CALDWELL for Sorrels.

DEADERICK, J., delivered the opinion of the Court.

In December, 1867, plaintiff in error insured R.

J. Sorrels against loss or damage by fire to the amount of $2,000 in the aggregate, on a dwelling-house valued at $850, a one-story building used as a bar-room and valued at $400, furniture valued at $100, and several other articles of personalty at different and distinct valuations.

All the property insured, except $50 to $75 of the personalty, was destroyed by fire on the 28th of March, 1868. The company refusing to pay the losses, Sorrels brought suit in the Circuit Court of Davidson County, and obtained judgment, from which the company have appealed in error to this Court. A reversal of the judgment is asked in this Court upon several grounds.

1st. It appears that in the application for insurance it was stated that one of the insured buildings was occupied by the applicant as a "dwelling, meat-store, and shoe-shop," whereupon proof of loss, it is shown that W. H. Sorrels, a brother of the assured, occupied the dwelling as a boarding-house.

It does not avoid the policy of insurance that a house insured as a dwelling-house is, or was after insurance, occupied as a boarding-house. Parsons' Mer. Law, 503, Note 1.

While the assured may not change or alter the use of the building in such manner as to enhance the risk of the insurer, we can not see that the change of occupants could increase the risk, and if there be an increase of risk by a change of the circumstances disclosed in the application, the burden of

proof is on the insurer to show such increased risk. Fland. on Ins., 232 and 250, and Note 3.

It is further insisted that the insured, to the question in his application, "what is your title?" answered, "fee simple," and in answer to the question, "is your property encumbered, by what, and to what amount?" replied, "no;" whereas, in fact, the applicant had a lease-hold title only, and not a fee simple in the soil upon which the buildings were erected, and they were encumbered by a claim of one Hamilton to the amount of $200.

The facts are as alleged, and avoid the policy, unless Sorrels is relieved from the consequences of these unture answers, for the reasons set up by him. These reasons are, that he is not responsible for the insertion in the application of the false answers to the questions, but they were put in by the agent of the company, although he disclosed to him fully and truly the nature of the title by which he held the premises, and the amount and character of the encumbrance upon them.

But it is insisted for the company that, conceding that the disclosures were made as claimed to have been made, that it is not admissible to show the fact by parol evidence, in contradiction of the written answers in the application, where such answers are made warranties, as they are claimed to be in this case. This proposition seems to be fully sustained by the authority referred to in support of it. Fland. on Ins., 92. On the other hand, there are well

considered cases which hold that when the answers are incorrectly written down by the agent of the company, when the facts were truly stated by the insured, that the company shall not be relieved of liability because of the blunders or mistakes of its agents; "that to allow the company, under such circumstances, to avoid their contract, on account of a mistake into which they themselves had led the plaintiff, would be to allow them to take advantage of their own wrong." Fland. on Ins., ´101.

In the case of the *Union Mutual Insurance Company* v. *Wilkinson*, reported in 13 Wallace, 222, the Supreme Court of the United States hold that the company is bound by the acts of its agents, and when an agent makes out the application for insurance and inserts in it representations that are untrue, without the assent of the assured, it was the act of the company, and not the act of the assured, although signed by him, does not invalidate the policy, and that parol testimony may be heard to show that the answers were thus written by the agent.

The Court say that to allow verbal testimony to show these facts does not contradict the written contract, though the application is signed by the party. It goes upon the idea that the writing was not the assured's statement, and that the company are estopped to set up that it is the representation of the assured.

This holding was in the case of a *Mutual Insurance Company*, and in which it was stated by coun-

sel for plaintiff in error, that "all the statements in the application are express warranties;" and it was argued in that case, as in this, that the warranty was a part of the contract, that the matter was such as it was represented to be, and could not at law be contradicted by parol evidence, but might be reformed in equity.

The Court further say in that case, that for the insurer to insist that the policy is void because of these representations contained in it, and which were inserted by him or his agent, knowing they were not the representations of the insured, would be an act of bad faith and gross injustice.

Sorrels (the plaintiff below) was examined as a witness on the trial, and stated that he disclosed fully all the facts in relation to his title to the property insured, which was a lease of the land having more than a year to run, with the privilege to remove all the erections thereon at the expiration of his lease. That he was ignorant of the meaning of the term "fee simple," and of the business of insurance, and that all the writing was done by Farrer, the agent, and that he told him of the claim of $200 Hamilton held on the property.

The brother of the insured also testified, corroborating the testimony of the insured as to his disclosures of the character of his title to the land and improvements, and the encumbrance of $200 of one Hamilton. Farrer contradicted these witnesses, and

their testimony was before the jury upon a proper charge by the Court.

The plaintiff below was the absolute owner of the buildings insured, and the term "fee simple" expressed no higher or greater interest in the subjects of insurance than he held. The Court charges the jury that the plaintiff might recover under this policy for a part of the property, if not entitled to recover for all.

It is sufficient to say, as to this, that if erroneous, which we do not hold, it is an error that has not prejudiced the plaintiff in error, as the jury have found that the plaintiff below was entitled to recover for all. And when the charge is erroneous, if it has not injured the party complaining of it, it constitutes no ground for reversal.

Upon the whole, we think there is no error in the record for which the judgment should be reversed, and affirm it.